IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNETTE BEGAY,

    Plaintiff,

v.                            CIV 02-0134 WJ/KBM

THE ARLYS'S COMPANY, INC., d/b/a
FURNITURE WAREHOUSE; VERNON
NEWSOM; ROSALYN NEWSOM;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and MERCHANT'S INFORMATION SOLUTIONS,
INC., d/b/a CREDIT DATA SOUTHWEST,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT THE ARLYS'S COMPANY, INC., d/b/a FURNITURE WAREHOUSE'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS ROSALYN AND LAVERNE NEWSOM'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court pursuant to Defendant The Arlys's Company d/b/a Furniture Warehouse's (Furniture Warehouse) Motion for Summary Judgment [Docket No. 85] and Defendants Roslyn and Laverne[1] Newsom's Motion for Summary Judgment [Docket No. 87]. Having reviewed the submissions of the parties and the applicable law, I find that Defendant Furniture Warehouse is entitled to summary judgment on Plaintiff's claims for breach of settlement agreement but that disputed issues of material fact preclude summary judgment on Plaintiff's other claims.

**FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] By Order filed December 1, 2002 [Docket No. 102], Defendant Laverne Newsom, named in this case as Vernon Newsom, was dismissed as a party to this case.

Plaintiff Annette Begay was employed by Defendant Furniture Warehouse from September 1994 until April 28, 2000. Defendant Rosalyn Newsom (Newsom) is vice president of Furniture Warehouse. At the time Plaintiff's employment was terminated, Plaintiff had three accounts with Furniture Warehouse's sister corporation, Commonwealth, Inc., for the purchase of consumer goods from Furniture Warehouse. Prior to Plaintiff's termination, Plaintiff made payments on these accounts through payroll deductions. Plaintiff made no payments on these accounts after her employment ended. Commonwealth, Inc. charged off these accounts as bad debts on its taxes in July 2000.

Plaintiff filed a complaint pursuant to the New Mexico Human Rights Act (NMHRA), N.M. Stat. Ann 1978 § 28-1-1 et seq., against Furniture Warehouse with the New Mexico Department of Labor, Human Rights Division (HR Division) with regard to the termination of her employment. Plaintiff and Furniture Warehouse entered into a settlement agreement with regard to Plaintiff's employment claims. The agreement was signed by Plaintiff and Defendant Newsom. The relevant terms of the settlement agreement included an agreement by Furniture Warehouse to "zero out" Plaintiff's accounts with Furniture Warehouse for a total value of $7001. The agreement was signed on August 14, 2000.

On August 15, 2000, Furniture Warehouse reported Plaintiff's accounts as "charge off" to Credit Data Southwest (CDSW). Furniture Warehouse had not reported any information with regard to these accounts to any credit reporting agency before that date. On January 31, 2001, Plaintiff faxed CDSW a dispute of the credit reports for the Furniture Warehouse accounts and requested that CDSW reinvestigate these accounts. In response, CDSW sent Furniture Warehouse dispute forms asking Furniture Warehouse to respond to Plaintiff's dispute. Furniture

Warehouse responded to the dispute by requesting that CDSW report the accounts as "paid/charge off." CDSW then reported the accounts as "paid/charge off." Later that same month, CDSW sent another set of dispute forms to Furniture Warehouse with regard to Plaintiff's accounts. Furniture Warehouse responded verifying that the accounts were reported correctly as "paid/charge off." This second set of responses was signed by Defendant Newsom. Plaintiff disputed the credit report again in August 2001. Again, CDSW sent a dispute form to Furniture Warehouse and Furniture Warehouse responded by verifying that the accounts should be reported as "paid/charge off."

On February 5, 2002, Plaintiff filed the Complaint giving rise to the current action. In addition to claims against CDSW, Plaintiff alleges that Defendant Furniture Warehouse violated its duty under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), to investigate the accuracy and completeness of its credit reports to CDSW with regard to Plaintiff's accounts in response to Plaintiff's disputes. Plaintiff further alleges that Furniture Warehouse breached the terms of the settlement agreement and the covenant of good faith and fair dealing implied within the settlement agreement when it reported Plaintiff's accounts to CDSW as "charge off." Finally, Plaintiff alleges that Furniture Warehouse and Newsom committed the tort of defamation by falsely reporting Plaintiff's accounts as "charge off."

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law.  Jeffries v. State of Kansas, 147 F.3d 1220, 1228 (10th Cir. 1998).  In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party.  Id.

**DISCUSSION**

I.   DEFENDANT FURNITURE WAREHOUSE IS NOT ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS ON THE GROUNDS THAT PLAINTIFF HAS NO DAMAGES

Defendant Furniture Warehouse argues it is entitled to summary judgment on all claims because Plaintiff has no actual damages.  In asserting that Plaintiff has no actual damages, Furniture Warehouse points to various items of evidence showing that Plaintiff has disclaimed or denied various specific types of harm.  Furniture Warehouse does not offer sufficient evidence to show that Plaintiff can prove no recoverable actual damages.  Thus, there are disputed issues of material fact with regard to Plaintiff's damages and Furniture Warehouse is not entitled to summary judgment on the basis that Plaintiff has suffered no damages.

II.  DEFENDANT FURNITURE WAREHOUSE IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FCRA CLAIM

Furniture Warehouse argues that Plaintiff does not have standing to sue under the FCRA for the initial reporting of her credit information.  It further contends that Plaintiff only has standing to sue under the FCRA for a failure of Furniture Warehouse to perform its duties to investigate and report upon receiving notice of a dispute.  Furniture Warehouse then concludes its argument by asserting that Plaintiff's claim under the FCRA is an attempt to sue for an initial reporting error.

Plaintiff does not dispute Defendant's analysis of the law with regard to claims brought under the FCRA and agrees that Plaintiff cannot sue Furniture Warehouse under the FCRA for its initial report to CDSW. However, Plaintiff states that she is suing Furniture Warehouse for failing to fully investigate the accuracy and completeness of the reports after receiving notice of Plaintiff's dispute. There are disputed issues of material fact with regard to Furniture Warehouse's investigation. Thus, Furniture Warehouse is not entitled to summary judgment on Plaintiff's claim under the FCRA.

III.   DEFENDANT FURNITURE WAREHOUSE IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR BREACH OF SETTLEMENT AGREEMENT

"Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party." Sonntag v. Shaw, 22 P.3d 1188, 1193 (N.M. 2001). The administrative procedures of the HR Division found in the New Mexico Administrative Code at 9.1.1 state that failure of a party to abide by a settlement agreement executed pursuant to a complaint under the NMHRA will require the Director to either continue an investigation of the complaint and make a probable cause determination or request the Attorney General to secure enforcement of the settlement agreement. N.M. Admin. Code 9.1.1.9.4 and 9.1.1.11.2.5. If the Director continues the investigation and gives the original complainant a notice of non-determination, it may be appealed in accordance with N.M. Stat. Ann. 1978 §§ 28-1-10 and 28-1-13. These statutes permit a complainant to appeal an HR Division order of non-determination within 30 days.

Furniture Warehouse urges that Plaintiff is barred from bringing any claims based on an alleged breach of the settlement agreement because the settlement agreement was reached

5

pursuant to Plaintiff's complaint to the HR Division under the NMHRA, and Plaintiff failed to exhaust her administrative remedies under the NMHRA.  Plaintiff asserts that her failure to exhaust her administrative remedies does not bar her contract claims.  Plaintiff's contention centers on <u>Gandy v. Wal-Mart Stores, Inc.</u>, 872 P.2d 859 (N.M. 1994).  Plaintiff maintains that the Supreme Court's holding in <u>Gandy</u> permits a plaintiff to bring any breach of contract claim or any claim for which a plaintiff seeks punitive damages without meeting the exhaustion requirement of the NMHRA.

Plaintiff misreads the holding of <u>Gandy</u>.  In <u>Gandy</u>, a plaintiff sued her former employer for the tort of retaliatory discharge and for breach of her employment contract.  The defendant in <u>Gandy</u> argued that the NMHRA preempted the plaintiff's claims and that the claims were barred.  The New Mexico Supreme Court held that the NMHRA did not preempt the plaintiff's claims and she was not required to exhaust administrative remedies under the NMHRA.  The court's holding, broadly stated, was that the NMHRA did not alter a plaintiff's right to bring tort or contract claims against an employer if the claim is one the plaintiff could have brought even absent the existence of the NMHRA.  In other words, claims that do not arise pursuant to the NMHRA may proceed without meeting the exhaustion requirements of the NMHRA.

Unlike the plaintiff in <u>Gandy</u>, Plaintiff's breach claims in this case are not independent of the NMHRA.  The claims arise from a settlement agreement reached as a direct result of a complaint brought pursuant to the NMHRA.  Indeed, the settlement agreement was executed through operation of the HR Division administrative procedures for complaints brought pursuant to the NMHRA.  Thus, Plaintiff's claims for breach of the settlement agreement and breach of the covenant of good faith and fair dealing are subject to the exhaustion requirement of the NMHRA.

Plaintiff does not bring her claims for breach as an appeal of an administrative determination in accordance with N. M. Stat. Ann. 1978 § 28-1-13.  Nor are these claims for breach brought by the New Mexico Attorney General to enforce the settlement agreement in accordance with N.M. Admin. Code 9.1.1.  Thus, these claims are barred by Plaintiff's failure to exhaust her administrative remedies and Furniture Warehouse is entitled to summary judgment with regard to the claims for breach of the settlement agreement and breach of the covenant of good faith and fair dealing.

IV.   DEFENDANTS FURNITURE WAREHOUSE AND NEWSOM ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR DEFAMATION

Defendants argue they are entitled to summary judgment on Plaintiff's defamation claims because the information reported with regard to Plaintiff's credit were true and because Plaintiff has no recoverable actual damages and cannot show the "actual malice" necessary to recover punitive damages.  Plaintiff points out that truth is an affirmative defense for which Defendants bear the burden of proof at trial.  Additionally, Plaintiff states there is sufficient evidence from which a jury could find that Plaintiff suffered actual damages.  These are disputed issues of material fact.  Thus, neither Furniture Warehouse nor Defendant Newsom is entitled to summary judgment on Plaintiff's claims for defamation.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant The Arlys's Company d/b/a Furniture Warehouse's (Furniture Warehouse) Motion for Summary Judgment [Docket No. 85] is hereby GRANTED IN PART and Plaintiff's claims for breach of settlement agreement and breach of the

covenant of good faith and fair dealing as stated in the Sixth and Seventh claims for relief in the Complaint are DISMISSED WITHOUT PREJUDICE.[2]

IT IS FURTHER ORDERED that Defendant The Arlys's Company d/b/a Furniture Warehouse's (Furniture Warehouse) Motion for Summary Judgment [Docket No. 85] is hereby DENIED IN PART with regard to Plaintiff's claim under the FCRA and Plaintiff's claim for defamation as stated in the First and Eighth claims for relief in the Complaint.

IT IS FINALLY ORDERED that Defendants Roslyn and Laverne Newsom's Motion for Summary Judgment [Docket No. 87] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Because the basis for the dismissal is Plaintiff's failure to exhaust, the claims are dismissed without prejudice in the event Plaintiff has any further available administrative remedies.